# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 23, 1896.

DAVID CROUCH, ET AL.,

VS.

MARGARET E. PRIMROSE, ET AL.

*Mr. Thomas Ireland Elliott* for plaintiffs.

*Messrs. George E. Lowcree* and *Frederick T. Dorton* for defendants.

DENNIS, J.—

After hearing arguments in this case and examining the papers filed therein, the Court is of the opinion that by the will of David Crouch there was created, in the property concerned in this cause, a life estate in his son, Thomas D. L. Crouch, with remainder to any child or children whom he might have, which remainder became absolutely vested in said child or children immediately upon their birth, and went upon the death of such child or children to his, her or their next of kin. The evidence shows that there was born to

the said Thomas D. L. Crouch a daughter, Catherine' Crouch, who, however, was not living at the death of her father, but had predeceased him, leaving him as her only next of kin. The property involved is leasehold, and passed, at the death of the said Catherine Crouch, to her administrator, through whom alone title could be made thereto unto her next of kin.

It appears that no administration was taken out on the estate of said Catherine Crouch, during the lifetime of her father, who seems to have entered into possession of her estate under an apprehension that no administration was necessary. The papers, however, in this cause show that letters of administration upon the estate of said Catherine Crouch have been granted by the Orphans' Court of Baltimore City to Philip H. Hoffman who, upon petition filed by him, has been made a party to the cause. If the said Thomas D. L. Crouch were now living, he would be entitled, as only next of kin of his daughter Catherine Crouch, to all of her estate, and the administrator would be required to make a legal conveyance of said estate to him. It appears, however, that during his lifetime, and after the death of his said daughter, the said Thomas D. L. Crouch assigned and conveyed all his interest in said property, both at law and in equity, unto a certain Elizabeth G. Daneker.

The Court is of the opinion that the effect of said deed was to transfer to Elizabeth G. Daneker the whole interest and estate in said property, and the Court will pass a decree, directing the administrator of said Catherine Crouch to make a deed of the remainder unto the said Elizabeth G. Daneker.

For the reasons above stated it is adjudged, ordered and decreed that Elizabeth G. Daneker is entitled to have a conveyance made to her by Philip H. Hoffman, administrator of Catherine Crouch, of the property mentioned in this cause, and it is further ordered and decreed that the bill filed in this cause, in so far as it seeks to have a sale of the property mentioned and a division of the proceeds thereof made, be and the same is hereby dismissed.